# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1383V
Filed: September 19, 2023

| | |
|---|---|
| MICHELLE TVERBERG,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Daniel Horner |

*David John Carney*, Green & Schafle, LLC, Philadelphia, PA, for petitioner.
*Joseph Douglas Leavitt*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On October 13, 2020, Michelle Tverberg ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* ("Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 26, 2017 influenza ("flu") vaccination. (ECF No. 1.)

On April 7, 2022, respondent filed his Rule 4(c) Report. He contended that petitioner had not preponderantly demonstrated a SIRVA because other neurologic diagnoses discussed within the medical records may explain petitioner's symptoms and, relatedly, her symptoms were not limited to the shoulder in which the vaccine was administered. (ECF No. 28, pp.8-9.) He raised no issue with respect to any prior history of shoulder dysfunction or whether onset of shoulder pain began within 48 hours of vaccination. (*See id.*) Thereafter, petitioner filed an expert report. (ECF No. 36-1.) Petitioner's expert opined that petitioner suffered immediate post-injection shoulder pain that constitutes a SIRVA; however, petitioner's expert posited the neurologic issues

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

raised by respondent constituted additional, separate neurologic injuries that should also be considered vaccine-caused. (*Id.* at 15.)

Subsequently, on August 21, 2023, respondent filed an Amended Rule 4(c) Report reversing his position with respect to the Table Injury of SIRVA. (ECF No. 42.) In his amended report, respondent did not address petitioner's expert report but conceded based on his own review of the medical records that petitioner suffered a SIRVA within the meaning of the Vaccine Injury Table, this time indicating in pertinent part that his own medical personnel have concluded that no other condition or abnormality is present that would explain petitioner's symptoms and that petitioner's pain and reduced range of motion were limited to her affected shoulder. (*Id.* at 7 (discussing 42 C.F.R. § 100.3 (a)(XIV)(B) and (c)(10)).) Respondent also agreed that all other statutory and jurisdictional requirements are satisfied. (*Id.* at 7-8.) Respondent stressed that his concession was limited to petitioner's SIRVA and its sequela only. (*Id.* at 8.)

On August 23, 2023, I held a status conference with the parties. (*See* ECF No. 43.) I explained that "given the overall circumstances of the case it would be appropriate for the parties to first explore whether they can reach a meeting of the minds regarding the scope of damages for the conceded SIRVA, which necessarily excludes a neurologic injury, before I determine whether to issue a ruling on entitlement based on the concession." (*Id.*) On September 19, 2023, respondent filed a status report indicating that the parties had agreed upon a proposed proffer on award of compensation and requesting that a ruling on entitlement be issued. (ECF No. 44.)

**In view of Respondent's position, I find that Petitioner is entitled to compensation for a Table Injury of SIRVA.**

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master