# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1383V
Filed: August 30, 2024

| | |
|---|---|
| MICHELLE TVERBERG,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*David John Carney,* Green & Schafle LLC, Philadelphia, PA, for petitioner.
*Joseph Douglas Leavitt,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 13, 2020, Michelle Tverberg ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine she received on October 26, 2017. (ECF No. 1.) On September 20, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 47-48.)

On October 23, 2023, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 54.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $68,945.00, and attorneys' costs in the amount of $8,488.56, for counsel at Green &

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Schafle, LLC.[3] Fees App. at 3. Petitioner also requests attorneys' fees in the amount $1,860.00 for her prior counsel at SiebenCarey, P.A. Pursuant to General Order No. 9, petitioner indicates that she has not personally incurred any costs in pursuit of this litigation. *Id.* Thus, the total amount requested is $77,433.56 for her counsel at Green & Schafle, and $1,860.00 for prior counsel at SiebenCarey. *Id.* On October 31, 2023, respondent filed a response to petitioner's motion. (ECF No. 55.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

---

[3] The motion for attorneys' fees and costs states that the litigation costs were $9,890.96. Fees App. at 3 This appears to be a typographical error.

2

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

#### i. Green & Schafle, LLC

Petitioner requests the following rates of compensation for her attorneys and paralegals at Green & Schafle, LLC: for Mr. David Carney, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, and $425.00 per hour for work performed in 2023; for Mr. Adam Green, $425.00 per hour for work performed in 2022 and 2023; for law clerk, Ms. Evan Baker, $175.00 per hour for work in 2021, $185.00 per hour for work performed in 2022, and $195.00 per hour for work performed in 2023; and for the paralegals, $145.00 per hour for work performed from 2019-2022, and $175.00 per hour for work performed in 2023. The hourly rates requested for Mr. Carney, Mr. Green, and paralegals for all time billed in the 2019-2023 period are reasonable and consistent with prior determinations and shall therefore be awarded herein. The hourly rates requested for Ms. Baker, however, require adjustment.

Categorized as a law clerk, Ms. Baker was a law student who began working at the firm during the summer of 2021. Fees App. at 9. She has remained at the firm and planned to take the bar exam in July 2023. *Id.* However, the hourly rates for her 2021, 2022 and 2023 work exceeds the student hourly rate established in other cases, and what she has been previously awarded - $150.00 per hour for 2021, and $165.00 per hour for 2022 and 2023. *See, e.g., Bryant v. Sec'y of Health & Human.* Servs., No. 21-2241V, 2024 WL 2863522, at *2 (Fed. Cl. Spec. Mstr. May 6, 2024); *see also Mason-Chavez v. Sec'y of Health & Human Servs.*, No. 21-1989V, 2024 WL 920568, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2024). Accordingly, I shall instead compensate Ms. Baker's 2021 work at the rate of $150.00 per hour and her 2022 and 2023 work at the rate of $165.00 per hour. This reduces the amount of fees to be awarded by **$969.50**.[4]

---

[4] This amount consists of (($175 - $150) x 15.1 hrs.) + (($185 - $165) x 16.4 hrs.) + (($195 - $165) x 8.8 hrs.) = $25 x 15.1 hrs. + $20 x 16.4 hrs. + $30 x 8.8 hrs = $782.00.

3

### ii.  SiebenCarey, P.A.

Petitioner requests the following rates of compensation for her attorney and paralegal at SiebenCarey, P.A.: for Attorney Kate Westad, $350.00 per hour for work performed in 2019 and 2020; and for paralegal Teresa Lyon, $125.00 per hour for work performed in 2019 and 2020. The hourly rates requested for Ms. Westad and Ms. Lyon for all time billed in 2019 and 2020 are reasonable and consistent with prior determinations and shall therefore be awarded herein.

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of **$67,975.50** for counsel at Green & Schafle, LLC, and **$1,860.00** for counsel at SiebenCarey, P.A.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,488.56 in attorneys' costs comprised of acquiring medical records, the court's filing fee, and expert services provided by neurologist Joseph S. Jeret, M.D. at $500.00 per hour for 13.5 hours totaling $6,625.00. Fees App. Ex. 2 at 23. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1) **A lump sum in the amount of $76,464.06, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to**

**petitioner and petitioner's counsel, David J. Carney and Green & Shafle, LLC.**

2) **A lump sum in the amount of $1,860.00, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's prior counsel, SiebenCarey, P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).